1  PETER L. CARR, IV (#256104)
   PCARR@THEPLCLAWGROUP.COM
2  NA'SHAUN L. NEAL (#284280)
   NNEAL@THEPLCLAWGROUP.COM
3  LAUREN K. MCRAE (#331296)
4  LMCRAE@THEPLCLAWGROUP.COM
5  PLC LAW GROUP, APC
   3756 SANTA ROSALIA DR., SUITE 326
6  LOS ANGELES, CA 90008
7  TELEPHONE: (310) 400-5890
   FACSIMILE:  (310) 400-5895
8
9  ATTORNEYS FOR PLAINTIFF
10 **JOHNNY MAYFIELD**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY MAYFIELD, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| CITY OF LOS ANGELES; OFFICER GARCIA (#40475); OFFICER MARTINEZ (#42076), | 1. Unreasonable Search and Seizure (42 U.S.C. § 1983)<br>2. Substantive Due Process (42 U.S.C. § 1983)<br>3. Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)<br>4. Conspiracy to Interfere with Civil Rights (42 U.S.C. §1985(3)) |
| Defendants. | |

## INTRODUCTION

This case challenges the abuse of discretion, excessive force, unlawful detention, racial discrimination and coercive acts that deprived Plaintiff Johnny Mayfield of his federal and state rights. During a traffic stop, Los Angeles Police Department officers subjected Plaintiff to unlawful treatment and racial



discrimination. Therefore, Plaintiff complains of Defendants City of Los Angeles, Officer Garcia (#40475), Officer Martinez (#42076), and DOES 1 through 10, inclusive, as follows:

## VENUE AND JURISDICTION

1.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988.  State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the City of Los Angeles, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

2.     At all times in this Complaint, Plaintiff JOHNNY MAYFIELD (hereinafter "Mr. Mayfield") was and is a resident of the State of California in the County of Los Angeles.  Mr. Wellman is an African-American man.

3.     Defendant CITY OF LOS ANGELES (hereinafter referred to as "CITY") is, and at all times in this Complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LOS ANGELES POLICE DEPARTMENT (hereinafter referred to as "LAPD") and its tactics, methods, practices, customs and usages.

4.     At all relevant times mentioned herein and material hereto, Defendant OFFICER GARCIA (#40475) engaged in law enforcement as a police officer, sergeant, captain, lieutenant, and/or civilian employee, agent and representative of Defendant CITY, duly employed as a police officer by the LAPD, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

5.     At all relevant times mentioned herein and material hereto, Defendant



OFFICER MARTINEZ (#42076) engaged in law enforcement as a police officer, sergeant, captain, lieutenant, and/or civilian employee, agent and representative of Defendant CITY, duly employed as a police officer by the LAPD, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

6. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

7. Mr. Mayfield is an African-American male, who is 6 foot and 3 inches tall and weighs approximately 270 pounds. Mr. Mayfield is employed as a postal carrier.

8. Upon information and belief, on or about May 30, 2019 at approximately 8:30 p.m. on La Brea Avenue and Obama Blvd., Mr. Mayfield was stopped by Defendant LAPD Officers Garcia and Martinez, while driving his 1999 Chevrolet Tahoe at approximately 25 miles per hour.

9. Officer Garcia asked Mr. Mayfield to provide his driver's license, and Mr. Mayfield complied.

10. Shortly after, Officers Garcia and Martinez ordered Mr. Mayfield to exit his vehicle, despite lacking any reasonable suspicion or probable cause for such command.

11. Immediately after Mr. Mayfield exited his car, Officer Garcia placed Mr. Mayfield in handcuffs and forced his body against the hood of the car.

12. When Officers Garcia and Martinez saw Mr. Mayfield's postal carrier satchel in his car, they told Mr. Mayfield it was necessary to conduct an investigation to determine whether he stole from the post office. In response, Mr. Mayfield informed the officers that he works for the post office.

13. Officers Garcia and Martinez scoffed at Mr. Mayfield's explanation, ridiculing the notion that a man of his stature works as a mail carrier.



14. The officers told Mr. Mayfield, "We think you stole," despite lacking any reasonable basis for said accusation and discovering Mr. Mayfield's certification card issued by the National Association of Letter Carriers.

15. Officers Garcia and Martinez kept Mr. Mayfield in handcuffs against the hot hood of his car for approximately an hour.

16. Mr. Mayfield was not on probation or parole, and ultimately Officers Garcia and Martinez issued him a "fix-it ticket" for not having a front license plate installed and a broken license plate light.

17. Defendants CITY, OFFICER GARCIA and OFFICER MARTINEZ owed to PLAINTIFF non-consensual duties set forth in California Penal Code Sections 182(1) (conspiracy to commit crime); 182(2) (conspiracy to obstruct justice); 832.5 (personnel complaint investigations required); and Gov. Code § 1031 (duty to investigate hires).

## **FIRST CAUSE OF ACTION**

## **UNREASONABLE SEARCH AND SEIZURE – 42 U.S.C. § 1983**

### (Against Officer Garcia and Officer Martinez)

18. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein. This cause of action arises under Title 42 United states Code, §1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

19. As a result of the above described intentional acts and omissions of the defendants, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

    a. Plaintiff was subjected to an unlawful traffic stop when ordered to exit his vehicle without a warrant, reasonable suspicion, or probable cause;

    b. Plaintiff's person and car were searched without reasonable suspicion,



probable cause or consent;

    c.    Plaintiff was placed in handcuffs and forced against the hot hood of his car for approximately an hour, despite a lack of reasonable suspicion or probable cause to detain or arrest Plaintiff.

20.    Both prior to and during the time in which Officers Garcia and Martinez detained Mr. Mayfield, he did not commit a crime, or make a reasonable threat of violence or danger to the Defendant Officers or to any other individual,

21.    This action at law for money damages arises under Title 42 U.S.C § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth and Fourteenth Amendments of the Unites States Constitution.

22.    Commencing at or about the aforementioned date and place, without cause, authority or justification, and acting under color of law, the individual Defendants and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

23.    Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of rights against unreasonable seizures, abuse, battery, due process of law and liberty interests secured thereby, and freedom from groundless criminal accusations.

24.    As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has sustained great physical and mental pain and shock, fear, anxiety, torment, degradation and emotional distress.

25.    In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff suffered special and general damages in an amount to be proven at trial.

26.    By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the



1 wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

27. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious and deliberate disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### SUBSTANTIVE DUE PROCESS – 42 U.S.C. § 1983

**(Against Officer Garcia and Officer Martinez)**

28. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

29. Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscious, including but not limited to, Defendant Officers' unwarranted search and seizure of Plaintiff.

30. The aforementioned actions of Defendant Officers, individually and as peace officers, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

31. As a direct and proximate cause of the unlawful search and seizure by Defendant Officers, individually and as a peace officers, Mr. Mayfield suffered bodily injury, mental anguish and emotional distress, for which he is entitled to recover damages.



32. The conduct of Defendant Officers, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

33. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION
## UNLAWFUL CUSTOM AND PRACTICE – 42 US.C. § 1983
### (Against City of Los Angeles)

34. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

35. Defendant CITY, is and at all times herein mentioned, has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LAPD and its tactics, methods practices, customs and usages.

36. At all times herein mentioned, Defendants and each of them, were employees acting under the CITY and LAPD's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, discriminatory practices, and numerous other serious abuses of their powers as peace deputies during their employment by the CITY.



37. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant CITY and LAPD include, but are not limited to:

    a. Defendants CITY and LAPD had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, dishonesty and improper tactics, and corruption by LAPD employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to insure public safety, protection of citizens' rights and the Plaintiff's liberty interests;

    b. Defendant CITY and LAPD refused to adequately discipline individual employees found to have committed similar acts of dishonesty and misconduct;

    c. Defendant CITY and LAPD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by CITY and LAPD employees;

    d. Defendant CITY and LAPD reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other CITY and LAPD employees;

    e. Defendant CITY and LAPD covered up acts of misconduct and abuse by CITY and LAPD employees and sanctioned a code of silence by and among LAPD Officers;

    f. Defendant CITY and LAPD failed to adequately supervise the actions of employees under its control;

    g. Defendant CITY and LAPD failed to adequately train, supervise its officers and employees in contacting civilians and making stops and arrests based only on reasonable suspicion and probable cause, instead, among other things, allowing officers to profile individuals in a racially discriminatory fashion.

    h. Defendant CITY and LAPD failed to adequately train, supervise, and control LAPD officers in making detentions based on probable cause during traffic stops by, among other things, allowing them to carry out roadside interrogations



followed by unwarranted searches and investigations and arrests without reasonable suspicion or probable cause;

    i.    Defendant CITY and LAPD failed to adequately train, supervise, and control LAPD officers in uses of force, including physically restraining individuals not reasonably suspected to be armed and dangerous;

    j.    Defendant CITY and LAPD tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

    k.    Defendant CITY and LAPD tacitly condones and encourages use of excessive force on citizens;

    l.    Defendant CITY and LAPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by May 30, 2019, and thereafter, represented the unconstitutional policies, practices and customs of the CITY and LAPD.

38. Defendant CITY and LAPD's arrest, unlawful traffic stop and unlawful use of force of Plaintiff is a part of practice and pattern of the CITY's unlawful mistreatment and criminalization of African-Americans.

39. The following are a list of incidents exemplifying the aforementioned policies, customs, practices and usages of Defendants CITY and LAPD:

    a.    According to media reports, in December 2014, Michelle Jordan settled an excessive force claim against the CITY for $550,000 after she was body-slammed by Los Angeles police officers when stopped for a cell phone violation.

    b.    In April 2018, Joston Theney, a 36-year-old African-American man, settled a claim for unreasonable search and seizure against the CITY for $200,000 after the LAPD initiated a "high-risk" traffic stop based on their mistaken belief that his license plate did not match his car; during the stop, officers ordered Mr.





Theney out of the vehicle and searched him while detaining him in handcuffs.

c. In July 2015, Frank Martinez, an adult Latino man, settled a claim against the CITY for unreasonable search and seizure after he was grabbed out of his car, slammed to the ground and beaten by LAPD officers during a traffic stop.

d. According to media reports, in January 2019, Los Angeles Mayor Eric Garcetti says he's concerned about a newspaper report that a special police unit is pulling over a disproportionate number of African-American motorists and he ordered the department to scale back vehicle stops.

e. In January 2019, the LAPD began investigating several LAPD officers accused of falsifying traffic stop data.

f. In January 2020, LAPD Chief Michel Moore announced an expansion of its internal investigation into allegations of officers falsifying data collected during traffic stops. Chief Moore said a total of 20 officers have been reassigned — 10 of them assigned to home duty and 10 others taken off patrol duties.

g. In October 2019, the results of an analysis by the Los Angeles Times revealed LAPD officers search blacks and Latinos far more than whites during traffic stops, and that is despite the fact that officers are more likely to find illegal items on white residents. According to the study, 24% of African-American drivers and passengers were searched, compared with 16% of Latinos and 5% of whites; yet, white were actually found to have illicit items on them in 20% of searches, compared with 17% for blacks and 16% for Latinos.

40. On information and belief, Defendant Officers attended training programs

related to anti-discrimination prior to the incident with Plaintiff.

41.  On information and belief, Defendant Officers attending training programs related to use of force prior to the incident with Plaintiff.

42.  On information and belief, Defendant Officers attending training programs related to investigation of crimes and lawful search and seizure prior to the incident with Plaintiff.

43.  Despite receiving training designed to prevent the conduct described in this Complaint, Defendant Officers violated Plaintiff's constitutional rights as described in the Complaint.

44.  Prior to the incident, CITY knew prior to the incident, its training program was insufficient to prevent the type of conduct experience by Plaintiff but did nothing to prevent the conduct.

45.  The Chief of Police of Los Angeles is the final decision maker to determine if employee's actions were within policy and procedure and will determine whether any additional actions, investigations or reviews are appropriate.

46.  On information and belief, the Chief of Police reviewed the conduct described in the Complaint and either initiated a review of the conduct of Defendant Officers or declined the review of the conduct.

47.  The aforesaid policies, customs, practices and usages described in this Complaint were the moving force that caused Plaintiff to be subjected to unconstitutional policing by Defendant Officers on May 30, 2019.

48.  By reason of the aforesaid policies, customs, practices and usages, Plaintiff's Fourth and Fourteenth Amendments to the United States Constitution were violated.

## FOURTH CAUSE OF ACTION
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS –
## 42 U.S.C. §1985(3)
### (Against Officer Garcia and Officer Martinez)

49.  Plaintiff repeats and re-alleges each and every preceding allegation of this



Complaint with the same force and effect as if fully set forth herein.

50. Defendant Officers, as agents of the LAPD, an institution with a documented history, pattern, and practice of harassing by non-white drivers, unlawful uses of force and arrest, have demonstrated a propensity for animus against African-American citizens.

51. Defendant Officers invidiously discriminated against Plaintiff and purposefully conspired together to deny Plaintiff equal protection of the laws as heretofore alleged by:

    a. Depriving Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures by collectively participating in the wrongful search, detention, and arrest or failing to intervene in these constitutional violations as recited above because he is African-American;

    b. Depriving Plaintiff of his right to be free from unreasonable searches and seizures by collectively using unreasonable force in violation of the Fourth Amendment and Fourteenth Amendments as recited above because he is African-American; and

    c. Depriving Plaintiff of his right to be free from racial animus during police contact by mocking Plaintiff as described in this complaint.

52. By virtue of the foregoing, Defendants conspired for the purpose of depriving Plaintiff of (a) equal protection of the law and (b) equal protection and immunities under the law; and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law and deprivation of liberty and property without due process of the law.

53. Defendants did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived the rights and privileges as set forth above.

54. As a direct proximate result of the foregoing, Plaintiff has been injured as set forth above.



# PRAYER

Wherefore, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages, according to proof;
3. For punitive damages as provided by federal law, in an amount to be proved against each individual Defendant (not including the City of Los Angeles);
4. For prejudgment interest;
5. For attorney's fees pursuant to 42 U.S.C. § 1983;
6. For reasonable costs of this suit incurred herein;
7. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: July 8, 2020                               **PLC LAW GROUP, APC**

                                             /s/ *Na'Shaun L. Neal*
                                             Peter L. Carr, IV
                                             Na'Shaun L. Neal
                                             Lauren McRae
                                             Attorneys for Plaintiff Johnny Mayfield



# **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a trial by jury on all issues and claims.

Dated: July 8, 2020                             **PLC LAW GROUP, APC**

  /s/ *Na'Shaun L. Neal*
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren McRae
Attorneys for Plaintiff Johnny Mayfield

